UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA MIZEN-HALPERIN,

    Plaintiff,

-vs-

                                Case No.

EQUIFAX INFORMATION SERVICES
LLC; and BARCLAYS BANK
DELAWARE.

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Brenda Mizen-Halperin (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); and Barclays Bank Delaware (hereinafter "Barclays") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter

1

"Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Sarasota County in the State of Florida; the Defendants transact business within this District; and violations described in the Complaint occurred in this District.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309 and conducts business through their registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

10. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

12. Barclays is an FDIC insured state-charged bank who's headquarters is located at 125 South West Street, Wilmington, Delaware 19801. Upon information and belief Barclays conducts business in the State of Florida

13. Barclays is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14. Barclays furnished information about Plaintiff to the CRAs that was inaccurate.

**FACTUAL ALLEGATIONS**

15. Upon information and belief, Plaintiff is a victim of identity theft.

16. Plaintiff is alleged to owe a debt to Barclays, partial account number ending in 6298 (hereinafter "Barclays Account"). Plaintiff does not owe this debt.

17. On or about July 10, 2025, Plaintiff received a collection letter from non-party Northstar Location Services, LLC (hereinafter "Northstar"), to collect a debt on behalf of Barclays.

18. Plaintiff thought that was rather odd as she paid the balance on or about October 4, 2024, to reflect the account with a zero and discontinued using the card. The card does not have an annual fee.

19. Plaintiff began to communicate with Northstar and with Barclays to dispute the fraudulent charges. During this time, Plaintiff obtained copies of the account statements and learned the balance on the Barclays Account was approximately $13,000. Plaintiff also learned the charges were associated to purchases in Georgia. Plaintiff communicated to Barclays that she never made these charges nor authorized any individual to use the Barclays Account.

20. Due to the fraud, on or about September 5, 2025, Plaintiff filed a police report with the Sarasota County Sheriff's Office (Incident Report Number 25-79346). In the said police report, she explained that an unknown individual used her Barclays Account and that the transactions were fraudulent, creating an erroneous $13,000.

21. On October 1, 2025, Plaintiff obtained a copy of her credit reports and observed the Barclays Account reporting with the account number ending in 0144 with a balance of $13,080. The aforementioned account was reporting with a status of "charge off". Such reporting negatively impacted Plaintiff's credit score. Moreover, the Barclays Account was the only derogatory account being reported on her credit file.

22. On October 9, 2025, as a result of the inaccurate reporting, Plaintiff mailed detailed dispute letters to the CRAs explaining that the Barclays Account was erroneously reporting a balance of over $13,000 with a charge off status. Plaintiff explained that the aforementioned account only has fraudulent charges all in the State of Georgia and were not authorized by her. She informed the CRAs that the Barclays Account should be reflected as a status of pays as agreed with a zero balance. In the letter, Plaintiff included a copy of her driver's license and supportive documentation including images of her filed police report.

23. Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1597 3968 01), Experian (9589 0710 5270 1597 3967 95) and to Trans Union (9589 0710 5270 1597 3967 88).

24. On or about November 6, 2025, as Experian responded to Plaintiff's dispute by correcting the Barclays to reflect as a status of "Paid, Closed/Never late" and was no longer reporting a balance. Experian actually did an investigation and fixed it.

25. On November 14, 2025, Plaintiff obtained a copy of her Trans Union credit report and to her relief, they discontinued reporting the Barclays Account. Trans Union again did an investigation and fixed it. Only Equifax refused to do any independent investigation.

26. That same day, on November 14, 2025, Plaintiff obtained a copy of her Equifax credit report. Upon review, the Barclays Account continued to report with a balance of $13,080 with a status of "account closed; was over 120 days past due". Such reporting continued to negatively impact Plaintiff's credit score.

27. Plaintiff did not understand why Experian and Trans Union chose to correct the reporting, yet Equifax willingly chose to not believe her and continued to report the Barclays Account erroneously.

28. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher. During the dispute process Equifax was made aware that the fraudulent charges associated with the Barclays Account occurred far nowhere near Plaintiff's residence.

29. Equifax has had a file for Plaintiff for over 30 years and profits from selling Plaintiff's information. Equifax is aware the Plaintiff resides in the State of Florida and not in the State of Georgia. Equifax should be able to verify the veracity of Plaintiff's claims and that an accounting error was being made by Barclays.

30. Equifax never attempted to contact Plaintiff during the alleged investigation.

31. Upon information and belief, the CRAs notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

32. On or about November 21, 2025, as a result of the continued inaccurate reporting by Equifax, Plaintiff mailed detailed dispute letter to Equifax explaining that the Barclays Account was erroneously reporting a balance of over $13,000 with a charge off status. Plaintiff explained that the aforementioned account only has fraudulent charges all in the State of Georgia and were not authorized by her. She informed Equifax that the Barclays Account should be reflected as a status of pays as agreed with a zero balance. In

the letter, Plaintiff included a copy of her driver's license and supportive documentation including images of her filed police report.

33.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9407 1111 0549 5846 5256 47).

34.     On or about November 24, 2025, Plaintiff applied for a line of credit with non-party US Bank. As of the filing of this complaint, Plaintiff has not been informed whether she has been approved or denied the line of credit.  Trans Union provided a report to US Bank containing the erroneous information about Plaintiff.

35.     Plaintiff continued to waste so much time and money attempting to fix Defendants' mistakes.  Plaintiff took time away from her work, family and friends to attempt to correct Defendant's mistakes.

36.     As of the filing of this Complaint, Plaintiff has not received dispute results as to her most recent detailed dispute letter.

37.     Equifax has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, Barclays.

38.     Barclays has not conducted a reasonable investigation despite Plaintiff's numerous pleas. The damages alleged by Plaintiff are solely Equifax and Barclay's fault.

39.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.  The erroneous reporting is the cause for Plaintiff's credit score to decrease.

40. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

  ii. Loss of time and time take off from work in attempts to cure the errors;

  iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

  iv. Reduction in credit score as the Defendants failed to properly investigate the disputed information;

  v. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

  vi. Defamation as Plaintiff's information has been published by Defendants to third parties including but not limited to FICO to calculate Plaintiff's credit score;

  vii. Defamation of Plaintiff as Equifax has been supplied to third- party entities such as US Bank;

  viii. The CRAs have also provided Plaintiff's credit information containing the inaccurate collection to several third parties during soft inquiries and promotional searches.

## CAUSES OF ACTION

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

41. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

42. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

43. Equifax allowed for a Furnisher, such as Barclays, to report inaccurate and erroneous account information to Plaintiff's credit file.

44. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

45. Equifax elects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

46. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

47. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

48. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

49. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Brenda Mizen-Halperin, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Equifax Information Services LLC (Willful)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

51. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52. Equifax allowed for a Furnisher, such as Barclays, to report inaccurate and erroneous account information to Plaintiff's credit file.

53. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

54. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

55. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

56. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

57. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

58. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Brenda Mizen-Halperin, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Negligent)

59. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

60. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

61. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

62. Plaintiff provided Equifax with the information it needed to confirm she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

63. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

65. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Brenda Mizen-Halperin, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

66. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

67. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

68. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

69. Plaintiff provided Equifax with the information it needed to confirm she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

70. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

72. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Brenda Mizen-Halperin, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Barclays Bank Delaware (Negligent)

73. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

74. Barclays furnished inaccurate account information to Equifax, Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

75. After receiving Plaintiff's disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

76. Plaintiff provided all the relevant information and documents necessary for Barclays to have identified that the account balance and status was being reported inaccurately.

77. Barclays knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

78. Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

79. As a direct result of this conduct, action, and/or inaction of Barclays, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower

interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

80. The conduct, action, and inaction of Barclays was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

81. Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Brenda Mizen-Halperin, respectfully requests that this Court award actual damages against Defendant, Barclays Bank Delaware; jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Barclays Bank Delaware (Willful)

82. Plaintiff re-alleges and incorporates paragraphs one (1) through forty (40) above as if fully stated herein.

83. Barclays furnished inaccurate account information to Equifax, Experian, and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

84. After receiving Plaintiff's disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to

accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

85. Plaintiff provided all the relevant information and documents necessary for Barclays to have identified that the account did not belong to Plaintiff.

86. Barclays knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

87. Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

88. As a direct result of this conduct, action, and/or inaction of Barclays, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89. The conduct, action, and inaction of Barclays was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

90. Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Brenda Mizen-Halperin, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Barclays

Bank Delaware; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brenda Mizen-Halperin, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC and Barclays Bank Delaware, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of November, 2025.

Respectfully submitted,

/s/ Octavio Gomez
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
lisa@theconsumerlawyers.com

/s/ Frank H. Kerney, III, Esq.

                Frank H. Kerney, III, Esq.
                Florida Bar No.: 88672
                Tennessee Bar No.: 035859
                The Consumer Lawyers PLLC
                501 E. Kennedy Blvd, Ste 610
                Tampa, Florida 33602
                Telephone: 844.855.9000
                Facsimile: 844.951.3933
                Frank@TheConsumerLawyers.com
                Attorney for Plaintiff